REISSUED FOR PUBLICATION
3 MAY 2017
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 12-709V
(Not to be Published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| CYNTHIA S. SMITH, | * | Special Master Corcoran |
| | * | |
| | * | Filed: January 3, 2017 |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | Decision; Dismissing Case; Chronic |
| SECRETARY OF HEALTH | * | Inflammatory Demyelinating |
| AND HUMAN SERVICES, | * | Polyneuritis ("CIDP"); Guillain |
| | * | Barré Syndrome ("GBS"); Fluzone |
| Respondent. | * | ("Flu") Vaccine. |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

## DECISION DISMISSING CASE[1]

*Andrew Downing,* Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Amy Kokot*, U.S. Dep't of Justice, Washington, DC, for Respondent.

On October 18, 2012, Cynthia Smith filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program" or "Program").[2] Mrs. Smith alleges that she developed Chronic Inflammatory Demyelinating Polyneuritis ("CIDP")

---

[1] Although I have designated this as "not to be published," because this decision contains a reasoned explanation for my actions in this case, it will be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published ruling's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) (the "Vaccine Act" or "Act"). Individual section references hereafter will be to § 300aa of the Act.

and/or Guillain-Barré syndrome ("GBS") as a result of her August 24, 2011, receipt of the Fluzone ("flu") vaccine.

The parties disputed the onset of Mrs. Smith's GBS and/or CIDP-related symptoms, with Petitioner alleging that onset began within a month of her receipt of the flu vaccine, while Respondent maintaining that onset began in late December 2011. At my direction, the parties briefed the matter, and I concluded, based upon the record and their written filings, that Mrs. Smith's symptoms began no earlier than December 29, 2011. *See* August 31, 2016 Findings of Fact (ECF No. 71) (the "Onset Ruling").[3] Based upon that ruling, I proposed that Petitioner consider whether she attempt to obtain an expert report supporting her claim consistent with my fact determination. Onset Ruling at 15.

Petitioner has now moved for Judgment on the Administrative Record. *See* Motion for Judgment on the Administrative Record ("Mot. for Judgmnt"), filed as ECF No. 73 on Nov. 14, 2016.Petitioner largely objects that the Onset Ruling was in error. She did not, however, request reconsideration of it, and (as it specifically noted) the fact findings it contains constituted the operating basis upon which she could have attempted – if she so chose – to obtain a new expert report consistent with its findings. She expressly disclaimed the opportunity to do so, however – and even represented that she would not *before* issuance of the Onset Ruling. Mot. for Judgmnt at 2. As a result, she now lacks expert support for her claim consistent with the Onset Ruling.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that Ms. Smith suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that the alleged injury that Petitioner experienced could have been caused or significantly aggravated by the vaccinations that she received in August 2011. Indeed, the existing expert report from Dr. Kinsbourne disclaims that possibility, given my onset ruling, and Petitioner has not offered a substitute expert opinion that is consistent with my fact determination. And the filed medical records do not support Petitioner's claim. Given that in almost all instances previously tried in the Vaccine Program onset of a peripheral neuropathy like GBS or CIDP is generally found to occur

---

[3] I decided the issue of onset based on the papers because I found that the contemporaneous medical records were more persuasive than the proposed, after-the-fact testimony of witnesses who may have observed Petitioner's symptoms, or the Petitioner herself. *See Murphy v. Sec'y of Health & Human Servs.*, 23 Cl. Ct. 726, 733 (1991), aff'd, 968 F.2d 1226 (Fed. Cir.), *cert. den'd, Murphy v. Sullivan*, 506 U.S. 974 (1992) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 396 (1947) ("[i]t has generally been held that oral testimony which is in conflict with contemporaneous documents is entitled to little evidentiary weight.")). Hearing the testimony of those witnesses live, rather than reading their statements in affidavits, would be highly unlikely to change my view that contemporaneous medical records should be given more weight.

no more than eight weeks after vaccination, I do not find it more likely than not that she could carry that burden herein without expert support.

Under the Vaccine Act, a petitioner may obtain a Vaccine Program award based solely on her claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master